**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| RAUL SALAZAR, Individually and on behalf of all others similarly situated | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. _____ |
| TRI-LAM ROOFING & WATERPROOFING, INC., and MARK RUSCH | § § § § § | |
| Defendants | § | |

## ORIGINAL COMPLAINT

Raul Salazar, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members," respectively, herein) brings this suit against Tri-Lam Roofing & Waterproofing, Inc. and Mark Rusch (collectively referred to as "Defendants") to recover unpaid overtime pay pursuant to the federal Fair Labor Standards Act ("FLSA"). Plaintiff respectfully shows as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the Plaintiff's FLSA claims pursuant to the following:

    a. 28 U.S.C. § 1331 (Federal Question);

    b. 28 U.S.C. § 1337 (Interstate Commerce); and

    c. 29 U.S.C. § 216(b) (FLSA).

2. This Court has personal jurisdiction over the Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

4. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Plaintiff Raul Salazar is an individual who worked for the Defendants' roofing business and resides within this District. His written consent to this action is attached as Exhibit A.

6. The "Class Members" are all individuals who, at any time three years before the filing of this lawsuit or later, worked as roofing workers for Tri-Lam and were paid by the hour.

7. Defendant Tri-Lam Roofing & Waterproofing, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and whose principal place of business is 965 W Enon Ave., Everman, TX 76140. Defendant Tri-Lam Roofing & Waterproofing, Inc. may be served with process by serving its registered agent, Mark W. Rusch at 965 W Enon Ave., Everman, TX 76140.

8. Defendant Mark Rusch is an individual residing in or around Mansfield, Texas who may be served at his principal place of business at 965 W Enon Ave., Everman, TX 76140, or wherever he may be found.

## FACTS

9. Throughout the relevant time period, Defendants have owned and operated a commercial roofing, restoration, and waterproofing business known as Tri-Lam Roofing & Waterproofing, Inc. out of its main office located at 965 W Enon Ave., Everman, TX 76140.

10. Throughout the relevant time period, Defendants employed Plaintiff and Class Members to perform manual labor installing roofs at commercial construction sites for Defendants' business throughout the Dallas-Fort Worth area. Plaintiff and Class members performed a substantial amount of their work for Defendants in Dallas County.

11. Plaintiff Raul Salazar worked as an employee of Defendants from approximately March 2014 until approximately October 2018.

12. Throughout the relevant time period, Plaintiff and Class Members routinely worked more than 40, and often more than 50 hours per week for the Defendants.

13. Throughout the relevant time period, Plaintiff and Class Members were paid weekly wage payments by check.

14. Throughout the relevant time period, Defendants failed to pay Plaintiff and Class Members the required time and one-half their regular rate of pay as overtime compensation for all hours Plaintiff and Class Members worked in excess of 40 hours during each work week.

15. Throughout the relevant time period, Defendants paid Plaintiff at his regular, non-overtime (a.k.a. "straight time") pay rate for hours spent travelling between Defendants' office and jobsites. Defendants paid the Class Members either their regular, straight-time rates or nothing at all for hours spent travelling between Defendants' office and jobsites.

16. Throughout the relevant time period, Defendants regularly failed to pay Plaintiff and Class Members at all for some hours they worked.

17. In performing their roofing work, Plaintiff and Class Members handled goods and equipment imported from other countries and states, including asphalt, roofing material, propane tanks, drills, and sheet metal.

18. Throughout the relevant time period, Plaintiff and Class Members have been employees, within the meaning of 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

19. Throughout the relevant time period, Defendants' business has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

20. During the entire relevant time period, Defendant Tri-Lam Roofing & Waterproofing, Inc. has been an employer of the Plaintiff and Class Members, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. During the entire relevant time period, Defendant Mark Rusch has been an employer of the Plaintiff and Class Members, within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. Defendant Mark Rusch is the sole owner of Tri-Lam Roofing & Waterproofing, Inc.

23. At all times relevant to this action, Defendant Mark Rusch had operational control over Tri-Lam Roofing & Waterproofing, Inc.; exercised control over the terms and conditions of employees' work; possessed and exercised the power to act on behalf of Tri-Lam Roofing & Waterproofing, Inc. vis-a-vis its employees, including Plaintiff and Class Members; maintained employment records; had and exercised the power to establish the wages and working conditions of Tri-Lam Roofing & Waterproofing, Inc.'s employees; and had and exercised the power to hire and fire employees.

24. The Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay the overtime compensation due to Plaintiff and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

25. The Class Members are similarly situated to the named Plaintiff in that their relevant job duties were the same or similar in relevant respects to the Plaintiff's, and they were subject to the same illegal pay policies or practices that are the basis for this action.

26. The Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable polices or practices and does not depend on the personal circumstances of the Class Members. Thus, the Plaintiff's experience is typical of the Class Members.

27. The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their exact job requirements or rates of pay, are entitled to overtime compensation for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts relating to liability. The essential questions of law and fact are common to the Plaintiff and the Class Members.

28. As a collective action, Plaintiff seeks this Court's appointment and/or designation as representative of a group of similarly situated individuals.

## COUNT I – FAIR LABOR STANDARDS ACT (OVERTIME)

29. The above-described actions by Defendants violated the Plaintiff and Class Members' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which the Plaintiff and Class Members are entitled to relief pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendants, jointly and severally, the following:

a. A declaration that Defendants are in violation of the count set forth above;

b. An award of all unpaid overtime compensation;

c. An equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

   d.  Reasonable attorney's fees, costs, and expenses of this action;

   e.  Post-Judgment interest, as provided by law; and

   f.  Such other relief as this Court deems just and proper.

Dated this 2nd day of April, 2019.

                                        Respectfully submitted,

By: */s/ Reema Ali*
    Reema Ali
    Texas State Bar No. 24105327
    Email: rali@equaljusticecenter.org

    EQUAL JUSTICE CENTER
    1250 W. Mockingbird Lane, Ste. 455
    Dallas, TX 75247
    Tel (469) 228-4226
    Fax (469) 941-0861

    Aaron Johnson
    Texas State Bar No. 24056961
    Email: ajohnson@equaljusticecenter.org
    Caitlin Boehne (preparing application for admission to N.D. Texas)
    Texas State Bar No. 24075815
    Email: cboehne@equaljusticecenter.org

    EQUAL JUSTICE CENTER
    510 Congress Ave., Ste. 206
    Austin, Texas 78704
    Fax (512) 474-0008
    Tel (512) 474-0007, ext. 104

    *Counsel for Plaintiff*